UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEAN K. CONQUISTADOR,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   Case No. 3:18cv1240(MPS) |
| LIEUTENANT ADIMITIS,<br>    Defendant. | :<br>:<br>: |

## **INITIAL REVIEW ORDER**

The plaintiff, Jean K. Conquistador, is confined at the Hartford Correctional Center. He has filed a civil complaint under 42 U.S.C. § 1983 against Correctional Lieutenant Adimitis. For the reasons set forth below, the court dismisses the complaint in part and directs the plaintiff to show cause why the remaining claims in the complaint should not be dismissed for failure to fully exhaust administrative remedies prior to filing this action.

**I.    Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has

1

facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Despite the requirement that a plaintiff plead sufficient facts to state a plausible claim for relief, courts still have an obligation to construe "[*p*]*ro se* complaints . . . 'liberally and interpret[] [them] to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for pro se litigants).

**II.    Facts**

The plaintiff states that on July 2, 2018, at Hartford Correctional Center, he informed Lieutenant Adimitis that gang members had threatened to attack him as soon as correctional staff opened his cell door. *See* Compl., ECF No. 1, at 3 ¶¶ 1-2. The plaintiff requested to be moved to another unit for his own safety. *See id.* ¶¶ 3-4. In response to this information and request, Lieutenant Adimitis stated "we are all men here" and walked away from the plaintiff. *See id.* ¶ 5.

Later that day, an inmate entered the plaintiff's cell and stabbed the plaintiff in the head and punched the plaintiff in the face. *See id.* at 4 ¶¶ 6-7. An officer escorted the plaintiff to the medical unit and medical staff members treated the plaintiff's injuries. *See id.* ¶ 8.

Medical/Mental Health staff members placed the plaintiff on behavior observation status/suicide watch. *See id.* at 5 ¶ 12. Prison officials charged the inmate who had attacked the plaintiff with assault and transferred the inmate to the restrictive housing unit. *See id.* at 4 ¶ 11.

On July 3, 2018, medical/mental health staff members discharged the plaintiff to general population. *See id.* at 5 ¶ 13. Later that day, the plaintiff confronted Lieutenant Adimitis about the decision not to transfer him to another unit for his safety. *See id.* ¶ 14. Lieutenant Adimitis stated that he did not like the plaintiff because the plaintiff had filed lawsuits against the Department of Correction in the past. *See id.* ¶ 15. Lieutenant Adimitis refused to answer further questions posed by the plaintiff and told the plaintiff to "get out of [my] face." *See id.* ¶ 16.

## III. Discussion

The plaintiff claims that the defendant violated his First, Eighth and Fourteenth Amendment rights. In addition, he contends that the conduct of the defendant constituted negligence. He sues the defendant in his official and individual capacities for monetary damages.

### A. Eighth Amendment Claim

As a preliminary matter, the court notes that Department of Correction records reflect that the plaintiff had not been convicted or sentenced at the time of the incidents that occurred at Hartford Correctional Center in July 2018.[1] The Second Circuit has recently confirmed that a pretrial detainee's claim of deliberate indifference to conditions of confinement, including health

---

[1] Information regarding the plaintiff's confinement may be found on the State of Connecticut Department of Correction's website under Inmate Search using his CT DOC Inmate Number 341088. The plaintiff was admitted to the Department of Correction on June 1, 2018 and remains unsentenced. *See* http://portal.ct.gov/DOC (last visited on August 14, 2018).

3

and safety, is "governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment . . . because "[p]retrial detainees have not been convicted of a crime and thus may not be punished in any manner— neither cruelly and unusually nor otherwise." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (internal quotation marks and citations omitted). Because the plaintiff was a pretrial detainee at the time of the incidents that form the basis of his claims against the defendant, the Eighth Amendment claim is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

B. **First and Fourteenth Amendment Claims**

The plaintiff asserts claims that the defendant was deliberately indifferent to his safety or failed to protect him from harm by another inmate in violation of his Fourteenth Amendment rights and a claim that the defendant chose not to move him to another unit for his safety in retaliation for lawsuits that the plaintiff had previously filed against the Department of Correction in violation of his First Amendment rights. Prisoners are required to exhaust administrative remedies before filing a federal lawsuit related to prison conditions. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.") This exhaustion requirement applies to all claims regarding "prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002).

Exhaustion of all available administrative remedies must occur regardless of whether the administrative procedures provide the relief that the inmate seeks. *See Booth v. Churner*, 532

U.S. 731, 741 (2001). Furthermore, prisoners must comply with all procedural rules regarding the grievance process prior to commencing an action in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 90-91, 93 (2006) (proper exhaustion "means using all steps that the agency holds out . . . (so that the agency addresses the issues on the merits) . . . [and] demands compliance with agency deadlines and other critical procedural rules"). **Thus, completion of the exhaustion process after a federal action has been filed does not satisfy the exhaustion requirement.** *See Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001). Special circumstances will not relieve an inmate of his or her obligation to adhere to the exhaustion requirement. An inmate's failure to exhaust administrative remedies is only excusable if the remedies are in fact unavailable. *See Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850, 1858 (2016).

Failure to exhaust administrative remedies is an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). A court may, however, dismiss a complaint for failure to state a claim where the allegations on the face of the complaint establish that it is subject to dismissal, even on the basis of an affirmative defense. *See Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) ("district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement") (citing *Jones*, 549 U.S. at 215).

The administrative remedies for the State of Connecticut Department of Correction are set forth in Administrative Directive 9.6. *See* Administrative Directive 9.6, Inmate Administrative Remedies (revised August 15, 2013), available at http://portal.ct.gov/-/media/DOC/Pdf/Ad/ad0906pdf.pdf. The type of remedy available to an inmate depends on the nature of the issue or condition experienced by the inmate or the decision made by correctional

5

personnel. For all matters relating to any aspect of a prisoner's confinement that are subject to the Commissioner's authority and that are not specifically identified in subsections (B) through (I) of Administrative Directive 9.6(4), the applicable remedy is the Inmate Grievance Procedure set forth in 9.6(6). *See id.* at 9.6(4)(A). Thus, claims related to a failure to protect an inmate from harm and retaliatory conduct by staff involving deliberate indifference to safety are subject to the Inmate Grievance Procedure.

Under the Inmate Grievance Procedures set forth in Administrative Directive 9.6(6), an inmate must first attempt to resolve the matter informally. He or she may attempt to verbally resolve the issue with an appropriate staff member or supervisor. *See id.* at 9.6(6)(A). If attempts to resolve the matter orally are not effective, the inmate must make a written attempt using a specific form and send that form to the appropriate staff member. *See id.* If an inmate does not receive a response to the written request within fifteen business days or the inmate is not satisfied with the response to his request, an inmate may file a Level 1 grievance. *See id.* at 9.6(6)(C).

The Level 1 grievance must be filed within thirty calendar days from the date of the occurrence or discovery of the cause of the grievance and should include a copy of the response to the written request to resolve the matter informally or explain why the response is not attached. *See id.* The Unit Administrator shall respond in writing to the Level 1 grievance within thirty business days of his or her receipt of the grievance. *See id.* at 9.6(6)(I).

The inmate may appeal the disposition of the grievance by the Unit Administrator or the Unit Administrator's failure to dispose of the grievance in a timely manner to Level 2. *See id.* at 9.6(6)(G), (I) & (K). The Level 2 appeal of a disposition of a Level 1 grievance must be filed

within five calendar days from the inmate's receipt of the decision on the Level 1 grievance. *See id.* at 9.6(K). The Level 2 appeal of the Unit Administrator's failure to dispose of the Level 1 grievance in a timely manner must be filed within 65 days from the date the Level 1 grievance was filed by the inmate. *See id.* at 9.6(M).

Level 2 appeals of inmates confined in Connecticut correctional facilities are reviewed by the appropriate District Administrator. *See id.* at 9.6(6)(K). The District Administrator is required to respond to the Level 2 appeal within thirty business of receipt of the appeal. *See id.*

Level 3 appeals are restricted to challenges to department policy, the integrity of the grievance procedure or level 2 appeals to which there has been an untimely response by the District Administrator. *See id.* at 9.6(6)(L). A Level 3 appeal must be filed within five calendar days from the inmate's receipt of the decision on the Level 2 appeal. See id. A Level 3 appeal of the District Administrator's failure to dispose of the Level 2 appeal in a timely manner must be filed within 35 days of the filing of the Level 2 appeal. *See id.* at 9.6(6)(M). A Level 3 appeal is reviewed by the Commissioner of Correction or his or her designee. *See id.* at 9.6(6)(L).

The complaint includes a statement that the plaintiff is exhausting his administrative remedies, but has not received receipts for his attempts to utilize the administrative remedy process. *See* Compl. at 5 ¶¶ 17-18. He refers the court to exhibits A1-A7. There are no exhibits attached to the complaint.

The complaint in this action is dated July 10, 2018, but was signed on July 16, 2018. It was received by the court on July 27, 2018. Given the date of the incident, July 2, 2018, and the time frames for informal resolution and formal resolution of claims under the Department of

Correction's grievance procedures set forth in Administrative Directive 9.6, it does not appear that the plaintiff could have fully exhausted his available administrative remedies with regard to his Fourteenth Amendment failure to protect claim or his and First Amendment retaliation claim prior to filing this action.  Thus, the court concludes on this record that the First and Fourteenth Amendment claims are subject to dismissal for failure to fully exhaust available administrative remedies prior to filing this action.  Before dismissing those claims, however, the court will afford plaintiff an opportunity to address the exhaustion requirement.

## ORDERS

The court enters the following orders:

The Eighth Amendment claim is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). Within twenty (20) days of the date of this order, plaintiff shall file a response setting forth any attempts that he made, **prior to filing this action**, to exhaust administrative remedies as to the Fourteenth Amendment failure to protect/deliberate indifference to safety claim and the First Amendment retaliation claim by using the Department of Correction's grievance procedures set forth in Administrative Directive 9.6**.**  Failure to comply with this order will result in dismissal of the First and Fourteenth Amendment claims for failure to exhaust administrative remedies.  Any such dismissal would be without prejudice to the plaintiff filing a new action to assert those claims after fully exhausting his available administrative remedies.

SO ORDERED at Hartford, Connecticut this 15th day of August, 2018.

 /s/
Michael P. Shea
United States District Judge