UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEAN K. CONQUISTADOR,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    Case No. 3:18cv1240(MPS) |
| LIEUTENANT ADIMITIS,<br>    Defendant. | :<br>:<br>: |

# **RULING AND ORDER**

The plaintiff, Jean K. Conquistador, is confined at the Osborn Correctional Institution in Somers, Connecticut. On July 31, 2018, the plaintiff filed a complaint under 42 U.S.C. § 1983 asserting First, Eighth, and Fourteenth Amendment claims against Correctional Lieutenant Adimitis. On August 1, 2018, the court granted the plaintiff leave to proceed *in forma pauperis*. On August 15, 2018, after reviewing the complaint, the court dismissed the Eighth Amendment claim pursuant to 28 U.S.C. § 1915A(b)(1) and directed the plaintiff to file a response setting forth any attempts that he had made, **prior to filing this action**, to exhaust available administrative remedies, as to the Fourteenth Amendment failure to protect/deliberate indifference to safety claim and the First Amendment retaliation claim, by using the Department of Correction's grievance procedures set forth in Administrative Directive 9.6. *See* Initial Review Order ("IRO"), ECF No. 10.

On August 28, 2018, the plaintiff filed a partial response to the court's IRO. *See* Response, ECF No. 13. On September 7, 2018, September 24, 2018, and October 16, 2018, the plaintiff filed supplemental responses to the court's IRO. *See* Responses, ECF Nos. 13, 14, 18.

1

The plaintiff has also filed two motions to amend the complaint and a motion for leave to exhaust administrative remedies. For the reasons set forth below, the first motion to amend will be granted, the second motion to amend and the motion to exhaust remedies will be denied, and complaint will be dismissed.

I.      **First Motion to Amend [ECF No. 16]**

The plaintiff seeks to amend the complaint to correct the spelling of the defendant's last name. The plaintiff has attached a page from a prison incident report signed by the defendant which reflects that the defendant's last name is spelled Adamaitis, not Adimitis. *See* Mot. Amend. at 5.

Because the defendant has not yet filed a responsive pleading or motion addressed to the complaint, the plaintiff may amend his complaint once as a matter of right without seeking the court's permission to file an amended complaint. *See* Rule 15(a)(B), Fed. R. Civ. P. (permitting a party to "amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required, [either] 21 days after service of a responsive pleading or 21 days after service of a motion" to dismiss, for more definite statement or to strike, "whichever is earlier."). Thus, the court will grant the plaintiff's motion to amend the spelling of the defendant's last name. **In accordance with this order, the Clerk shall terminate Correctional Lieutenant Adimitis as a defendant and add Correctional Lieutenant Adamaitis as a defendant.**

II.     **Second Motion to Amend [ECF No. 17]**

The plaintiff seeks leave to add Correctional Counselor Schaffer as a defendant. The plaintiff claims that Counselor Schaffer is an administrative remedies coordinator at Hartford

Correctional Center ("Hartford Correctional") and that she improperly returned many of his grievances without disposition.

Under Rule 15(a)(2), Fed. R. Civ. P., "[t]he court should freely" grant leave to amend "when justice so requires." *Id.* The court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice, and futility of the amendment in assessing whether to permit a party to file a second amended pleading. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

As a preliminary matter, when a plaintiff seeks to amend to add more defendants, a court should consider the requirements of permissive joinder under Rule 20(a) of the Federal Rules of Civil Procedure. *See Orakwue v. City of New York*, No. 11-CV-6183, 2013 WL 5407211, at *8 (E.D.N.Y. Sept. 25, 2013) ("Whether a plaintiff may join separate individual defendants in one lawsuit is governed by Fed. R. Civ. P. 20(a)(2)."). Rule 20(a)(2), Fed. R. Civ. P. permits joinder of claims against multiple defendants only if two criteria are satisfied: (1) the claims "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences;" and (2) "any question of law or fact common to all defendants will arise in the action." The allegations that the plaintiff seeks to assert against Correctional Counselor Schaffer regarding the processing of grievances are not related to the allegations of deliberate indifference to safety and retaliation that are asserted in the complaint against Correctional Lieutenant Adamaitis. Thus, the addition of Correctional Counselor Schaffer as a defendant is not warranted under Rule 20(a)(2) because the claim against her does not arise out the same transaction or occurrence from which the claims against Correctional Lieutenant Adamaitis arise.

Furthermore, the claim against Correctional Counselor Schaffer does not have merit and it would be futile to permit the plaintiff to add her as a defendant. The Second Circuit has held

3

that neither state directives nor "state statutes ... create federally protected due process entitlements to specific state-mandated procedures." *Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003). Thus, allegations that a prison official violated the procedures set forth in a state's administrative remedy program that is applicable to prisoner grievances do not state a claim of a violation of an inmate's constitutional rights. *See Swift v. Tweddell,* 582 F. Supp. 2d 437, 445–46 (W.D.N.Y. 2008) ("It is well established [] that inmate grievances procedures are undertaken voluntarily by the states, that they are not constitutionally required, and accordingly that a failure to process, investigate or respond to a prisoner's grievances does not in itself give rise to a constitutional claim.") (collecting cases); *Fernandez v. Armstrong*, No. 3:02-CV-2252(CFD), 2005 WL 733664, at *9 (D. Conn. Mar. 30, 2005) ("This district has previously held that failure of a correctional official to comply with the institutional grievance procedures [set forth in Administrative Directive 9.6] is not cognizable in an action filed pursuant to 42 U.S.C. § 1983, unless the action caused the denial of a constitutionally or federally protected right."). In addition, "prisoners do not have a due process right to a thorough investigation of grievances." *Tafari v. McCarthy*, 714 F. Supp. 2d 317, 347 (N.D.N.Y. 2010) (citing *Torres v. Mazzuca*, 246 F. Supp. 2d 334, 341-42 (S.D.N.Y. 2003) ("The corrections officers' failure to properly address [plaintiff's] grievances by conducting a thorough investigation to his satisfaction does not create a cause of action for denial of due process because [plaintiff] was not deprived of a protected liberty interest.")).

To the extent that the plaintiff claims that Correctional Counselor Schaffer did not properly respond to or process his grievances and grievance appeals in accordance with Department of Correction Administrative Directive 9.6, such a claim does not rise to the level of

a violation under the Fourteenth Amendment. *See Brown v. Graham*, 470 F. App'x 11, 13 (2d Cir. 2012) ("Brown's argument that he has a federally-protected liberty interest in the state's compliance with its own prison grievance procedures is meritless.") Accordingly, it would be futile to permit the plaintiff to add Correctional Counselor Schaffer as a defendant. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (a district court need not grant leave to amend when amendment would be "futile").

Accordingly, for the reasons stated above, the motion for leave to amend to add Correctional Counselor Schaffer as a defendant is denied.

### III. Complaint [ECF No. 1]

As indicated above, the complaint has been amended to reflect that the defendant's name is Correctional Lieutenant Adamaitis and includes allegations that he violated the plaintiff's First, Eighth, and Fourteenth Amendment rights. The court has already dismissed the Eighth Amendment claim pursuant to 28 U.S.C. § 1915A(b)(1). Thus, only the First and Fourteenth Amendment claims, as well as a state law claim of negligence, remain pending against the defendant.

#### A. Facts

The plaintiff states that on July 2, 2018, at Hartford Correctional, he informed Correctional Lieutenant Adamaitis that gang members had threatened to attack him as soon as correctional staff opened his cell door. *See* Compl. at 3 ¶¶ 1-2. The plaintiff requested to be moved to another unit for his own safety. *See id.* ¶¶ 3-4. In response to this information and request, Correctional Lieutenant Adamaitis stated "we are all men here" and walked away from the plaintiff. *See id.* ¶ 5.

Later that day, an inmate entered the plaintiff's cell and stabbed the plaintiff in the head and punched the plaintiff in the face. *See id.* at 4 ¶¶ 6-7. An officer escorted the plaintiff to the medical unit and medical staff members treated the plaintiff's injuries. *See id.* ¶ 8. Medical/Mental Health staff members placed the plaintiff on behavior observation status/suicide watch. *See id.* at 5 ¶ 12. Prison officials charged the inmate who had attacked the plaintiff with assault and transferred the inmate to the restrictive housing unit. *See id.* at 4 ¶ 11.

On July 3, 2018, medical/mental health staff members discharged the plaintiff to general population. *See id.* at 5 ¶ 13. Later that day, the plaintiff confronted Correctional Lieutenant Adamaitis about the decision not to transfer him to another unit for his safety. *See id.* ¶ 14. Correctional Lieutenant Adamaitis stated that he did not like the plaintiff because the plaintiff had filed lawsuits against the Department of Correction in the past. *See id.* ¶ 15. Correctional Lieutenant Adamaitis refused to answer further questions posed by the plaintiff and told the plaintiff to "get out of [my] face." *See id.* ¶ 16.

### B. Standard of Review

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has

facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Despite the requirement that a plaintiff plead sufficient facts to state a plausible claim for relief, courts still have an obligation to construe "[*p*]*ro se* complaints . . . 'liberally and interpret[] [them] to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for pro se litigants).

### C. Discussion

The plaintiff alleges that Correctional Lieutenant Adamaitis was deliberately indifferent to his safety or failed to protect him from harm by another inmate in violation of his Fourteenth Amendment rights and that Correctional Lieutenant Adamaitis chose not to move him to another unit for his safety in retaliation for lawsuits that he had previously filed against the Department of Correction in violation of his First Amendment rights. The court initially considers whether it is clear from the complaint that the plaintiff did not exhaust his administrative remedies as to the First and Fourteenth Amendment claims prior to filing this action. *See Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) ("district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy

the PLRA exhaustion requirement") (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

### 1. First and Fourteenth Amendment Claims

In *Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850 (2016), the Supreme Court re-affirmed the "mandate that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Id.* at 1854-55 (quoting 42 U.S.C. § 1997e(a)). This exhaustion requirement applies to all claims regarding "prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002).

Exhaustion of all available administrative remedies must occur regardless of whether the administrative procedures provide the relief that the inmate seeks. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). Furthermore, prisoners must comply with all procedural rules regarding the grievance process **prior** to commencing an action in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 90-91, 93 (2006) (emphasis added) (proper exhaustion "means using all steps that the agency holds out . . . (so that the agency addresses the issues on the merits) . . . [and] demands compliance with agency deadlines and other critical procedural rules"). Special circumstances will not relieve an inmate of his or her obligation to adhere to the exhaustion requirement. An inmate's failure to exhaust administrative remedies is excusable only if the remedies are in fact unavailable. *See Ross*, ___ U.S. at ___, 136 S. Ct. at 1858.

In its IRO, the court described the four-phase exhaustion process set forth in State of Connecticut Department of Correction Administrative Directive 9.6. *See* IRO, ECF No. 10. at 5-7 (citing Administrative Directive. 9.6, Inmate Administrative Remedies (revised August 15, 2013), available at http://portal.ct.gov/-/media/DOC/Pdf/Ad/ad0906pdf.pdf). The court

concluded that the plaintiff's claims related to the failure of Correctional Lieutenant Adamaitis to protect him from harm and the claim related to the retaliatory conduct of Correctional Lieutenant Adamaitis were subject to the Inmate Grievance Procedure. *See id.* at 6 (citing Administrative Directive 9.6(4)(A) & (6)).

The complaint includes a statement that the plaintiff is exhausting his administrative remedies but has not received receipts for his attempts to utilize the administrative remedy process. *See* Compl. at 5 ¶¶ 17-18. Although the plaintiff refers to exhibits as documentation of his attempts to exhaust his administrative remedies, there are no exhibits attached to the complaint.

In his initial notice in response to the court's IRO regarding his attempts to exhaust available administrative remedies before filing this action, the plaintiff states that on August 21, 2018, he submitted a request to a correctional counselor at Hartford Correctional for copies of his grievances and appeals, but prison officials transferred him to another facility before he received the copies from the counselor. *See* Resp., ECF No. 12. The plaintiff has filed three supplemental responses to the court's IRO, including copies of grievances and grievance appeals. *See* Resps., ECF Nos. 13, 14, 18. Attached to the first supplemental response, is a copy of the Level 1 grievance that the plaintiff filed at Hartford Correctional on July 4, 2018, regarding Correctional Lieutenant Adamaitis's refusal to move him to another unit on July 2, 2018, after he had informed the lieutenant that other inmates had threatened to assault him. *See* Resp., ECF No. 13, at 5-7. On August 3, 2018, an administrative remedies coordinator returned the grievance to the plaintiff without disposition because it did not contain evidence that the plaintiff had attempted to resolve the matter informally prior to filing the grievance and because the basis

for the grievance and the remedy requested were not stated simply and coherently. *See id.* at 8. The notice informed the plaintiff that he could resubmit his Level 1 grievance after he had complied with the noted deficiencies as required by Administrative Directive 9.6. *See id.* Instead of correcting the deficiencies and resubmitting the Level 1 grievance, the plaintiff filed a Level 2 appeal of the Level 1 grievance on August 5, 2018. *See id.* at 9. The plaintiff did not submit a copy of any response to the Level 2 appeal that he filed on August 5, 2018.

Attached to the second supplemental response to the court's IRO is a copy of a Level 1 grievance filed by the plaintiff on September 4, 2018 at MacDougall Correctional Institution ("MacDougall") and a copy of an administrative remedy receipt dated July 19, 2018. *See* Resp., ECF No. 14, at 4-5. There is no indication as to the nature of the grievance filed on September 4, 2018 or the nature of the grievance for which the plaintiff received a receipt on July 19, 2018. Copies of the Level 1 grievance that the plaintiff filed on July 4, 2018 at Hartford Correctional regarding Correctional Lieutenant Adamaitis's refusal to move him to another unit on July 2, 2018 and the August 3, 2018 notice returning the July 4, 2018 grievance without disposition are also attached to the second supplemental response. *See id.* at 6-9.

Attached to the third supplemental response to the court's IRO is a copy of a Level 1 grievance that the plaintiff filed on September 4, 2018 at MacDougall regarding Correctional Lieutenant Adamaitis's refusal to move him to another unit on July 2, 2018 and Correctional Lieutenant Adamaitis's July 3, 2018 statement indicating that the decision not to move him to another unit was made in retaliation for his filing of lawsuits. *See* Resp., ECF No. 18, at 5-7. On October 4, 2018, the level 1 reviewer rejected the grievance as untimely. *See id.* at 6. On October 10, 2018, the plaintiff filed a Level 2 appeal of the Level 1 grievance. *See id.* at 4.

The complaint was signed by the plaintiff on July 16, 2018 and was received by the court on July 27, 2018. The copies of the August 3, 2018 response to the Level 1 grievance dated July 2, 2018, the appeal of that grievance dated August 5, 2018, the supplemental grievance dated September 4, 2018, and the appeal of that grievance dated October 10, 2018, which have been filed as attachments to the plaintiff's supplemental responses to the court's IRO, support the conclusion that the plaintiff did not fully exhaust his available administrative remedies with regard to his First and Fourteenth Amendment claims before he filed the complaint. Rather, at the time he filed this action on July 27, 2018, as the plaintiff asserted in the complaint, he was still in the process of exhausting his administrative remedies. *See* Compl. at 5 ¶¶ 17-18. Thus, the First and Fourteenth Amendment claims are dismissed without prejudice for failure to fully exhaust available administrative remedies prior to filing this action. *See* 42 U.S.C. § 1997e(a); *Williams*, 829 F.3d at 122.

### 2. State Law Negligence Claim

In addition to the federal claims asserted in the complaint, the plaintiff also includes a claim that the conduct of Correctional Lieutenant Adamaitis in failing to protect him from harm constituted negligence. *See* Compl. at 6. Because the court has dismissed the federal claims asserted by the plaintiff, it declines to exercise supplemental jurisdiction over the state law negligence claim. *See* 28 U.S.C. § 1367(c)(3) (permitting a district court to "decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction.") *Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well-settled that where . . . the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction

over remaining state law claims.") (citations omitted).

IV.     **Motion to Exhaust Administrative Remedies [ECF No. 19]**

The plaintiff seeks leave to exhaust his available remedies as to the claims in the complaint. The motion is denied. As indicated above, the Supreme Court has clearly held that inmates must comply with all procedural rules regarding the grievance process prior to commencing an action in federal court. *See Woodford,* 548 U.S. at 90-91, 93 (proper exhaustion "means using all steps that the agency holds out . . . (so that the agency addresses the issues on the merits) . . . [and] demands compliance with agency deadlines and other critical procedural rules"). Thus, completion of the exhaustion process while a federal action is pending does not satisfy the exhaustion requirement. *See Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001). The plaintiff is not precluded, however, from filing a new action after he has completed the exhaustion process as to the First and Fourteenth Amendment claims that are asserted in the complaint.

## ORDERS

The court enters the following orders:

The First Motion to Amend, [**ECF No. 16**], is **GRANTED**. The Clerk shall terminate Correctional Lieutenant Adimitis as a defendant and add Correctional Lieutenant Adamaitis as a defendant. The Second Motion to Amend, [**ECF No. 17**], and the Motion for Leave to Exhaust Administrative Remedies, [**ECF No. 19**], are **DENIED**.

Pursuant to the court's IRO, [**ECF No. 10**], the Eighth Amendment claim is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The First Amendment retaliation claim and the Fourteenth Amendment failure to protect/deliberate indifference to safety claim are

**DISMISSED** without prejudice pursuant to 42 U.S.C. § 1997e(a). The court declines to exercise supplemental jurisdiction over the state law negligence claim. *See* 28 U.S.C. § 1367(c)(3). The Clerk is directed to close this case.

SO ORDERED at Hartford, Connecticut this 5th day of December, 2018.

/s/
Michael P. Shea
United States District Judge